UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-192-F

| NUTRITION & FITNESS, INC., | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| PROGRESSIVE EMU, INC. and CHRIS BINKLEY, | ) | |
| Defendants. | ) | |

This matter came before the court for a hearing on the Motion to Dismiss or Transfer [DE-20] and the Motion for Reconsideration [DE-22] filed by Progressive Emu, Inc. and Chris Binkley (hereinafter individually referred as "Pro Emu" or "Binkley" or collectively referred as "Defendants"). The hearing concluded with the court finding that this case falls squarely within the purview of the first-filed rule. Hence, the suit before this court was stayed to allow the court in the Northern District of Alabama to decide the appropriate forum and whether an exception to the first-filed rule is applicable. This order memorializes and clarifies the ruling.

## I. PROCEDURAL BACKGROUND

On March 28, 2012, Pro Emu first filed suit against Nutrition & Fitness, Inc. ("NFI") in Alabama state court alleging breach of contract and seeking a declaratory judgment for certain intellectual property rights and the buying and selling of emu oil. On April 10, 2012, NFI removed this case to federal court in the Northern District of Alabama. Exactly one day later, on April 11,

2012, NFI filed suit in this court against Pro Emu and added Chris Binkley ("Binkley") as a party to the litigation alleging breach of contract, breach of covenant of good faith and fair dealing, unfair trade practices, tortious interference with contracts and business relations, and a declaratory judgment for certain intellectual property rights. These claims all relate back to the contract that is currently also in dispute in Alabama.

On April 23, 2012, NFI filed the Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery [DE-11] in this court. Two days later, on April 25, 2012, NFI filed the Motion for Extension of Time to File Responsive Pleadings in Alabama. On May 1, 2012, a status conference was held in regards to the Motion for Extension of Time to File Responsive Pleadings. A review of the Alabama docket indicates that, by agreement of the parties, the motion was granted in part. On the same day, NFI filed the Motion to Remand in Alabama, which was subsequently denied on May 3, 2012.

On April 27, 2012, this court denied NFI's request for a temporary restraining order, but allowed expedited discovery, and set a hearing on the motion for preliminary injunction on May 29, 2012. Defendants, on May 4, 2012, filed the Motion to Dismiss or Transfer Venue [DE-20] in this court. Pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants contend that this case should be dismissed because (1) this court does not have personal jurisdiction over Pro Emu and Binkley; (2) Plaintiff sued Binkley, the CEO of Pro Emu, but failed to assert any allegations against Binkley; and (3) Plaintiff fails to state a claim for which relief can be allowed. In the alternative, Defendants claims that this case should be transferred to Alabama pursuant to the first-filed rule.

On May 10, 2012, NFI filed the Motion to Dismiss or Transfer Venue in Alabama. On May

2

14, 2012, Defendants filed the Motion for Reconsideration [DE-22] of this court's order allowing expedited discovery. Defendants claimed that the action before this court was due to be dismissed, stayed, or transferred because the court lacks personal jurisdiction and there is a prior pending action.

On May 25, 2012, the court held a hearing on the Motion to Dismiss or Transfer Venue [DE-20] and the Motion for Reconsideration [DE-22]. The court tailored the hearing to address the limited issue of whether this case should be stayed or transferred pursuant to the first-filed rule.[1] At the conclusion of the hearing, the court found that the first-filed rule is applicable. Therefore, the court stayed the proceedings to allow the court in the Northern District of Alabama to decide the appropriate forum and whether an exception to the first-filed rule is applicable.[2]

## II. DISCUSSION

As a general rule, when the same parties pursue similar litigation in two separate federal courts, the principle of comity dictate that the case should proceed where the action was first-filed. *See Ellicot Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974); *see also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982) (stating that "[t]here is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been

---

[1] The court notes that although personal jurisdiction is typically determined before venue, when sound justification exists to do so, a court may consider venue first. *See, e.g., Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Here, even though Defendants are contending that this court lacks personal jurisdiction, the court finds that it is appropriate to address the issue of venue first, namely, whether the first-filed rule is applicable.

[2] At the May 25, 2012, hearing, the court queried NFI as to why no notification was provided as to the pending case in Alabama. NFI responded that it had indeed disclosed such fact on the civil cover sheet submitted with the original complaint filed April 11, 2012. However, in the civil cover sheet, NFI notated that an Alabama *state* case was pending that may be related to the suit before this court. However, a day before the current suit was filed in this court, the case in Alabama had already been removed to federal court. At bottom, NFI provided no notice that a federal case regarding the same contract was pending in Alabama. In fact, NFI made no mention of such parallel federal suit when it filed the Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery [DE-11]. NFI claimed at the hearing that such non-disclosure was a mere "oversight."

3

filed in another district."). This doctrine is known as the first-filed rule and "give[s] priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). In fact, the Fourth Circuit has held that when similar lawsuits are filed in multiple federal forums, the first-filed suit should have priority absent the showing of balance of convenience in favor of the second action. *Volvo Constr. Equip. N. Am., Inc., v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594-95 (4th Cir. 2004).

In determining whether the first-filed rule is applicable, the court must examine the (1) chronology of the filings; (2) similarity of the parties involved; and (3) similarity of the issues being raised. *Remington Arms. Co., Inc. v. Alliant Techsystems, Inc.*, 2004 WL 444574, *2 (M.D.N.C. Feb. 25, 2004). However, there are circumstances under which an exception to the first-filed rule may be applicable. For instance, the Fourth Circuit finds an exception to the first-filed rule when the balance of convenience weighs in favor of the second forum. *Id. (citing Learning Network, Inc. v. Discovery Communications, Inc.*, No. 01-1202, 2001 WL 627618, at *3 (4th Cir. June 7, 2001) (unpublished)). Moreover, older precedent in the Fourth Circuit suggests an exception to the first-filed rule under special circumstances which includes anticipatory filings. *See e.g., Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) (stating that courts should decline to exercise jurisdiction over actions seeking declaratory judgment filed "for the purpose of anticipating the trial of an issue in a court of [co]ordinate jurisdiction."). In addition, special circumstances may also encompass instances where an action was filed in the midst of settlement negotiations. *Remington*, 2004 WL 444574 at *2.

Here, a close examination of the actions currently pending in North Carolina and Alabama

4

suggest that both litigations are sufficiently similar for the first-filed rule to be applicable. First, both suits were filed in close proximity to each other as Pro Emu filed its action against NFI on March 28, 2012 in Alabama, while NFI filed suit against Pro Emu and Binkley on April 11, 2012 in North Carolina. Second, the parties involved in both litigations are nearly identical. The suit before this court has added Binkley as a Defendant, but his presence in the lawsuit does not change the gravamen of the dispute. Finally, the claims are also similar. Pro Emu, in the Alabama complaint, alleges breach of contract and seeks a declaratory judgment regarding various rights associated with the selling of emu oil and certain intellectual property rights. NFI, in its complaint filed in this court, has alleged claims of breach of contract, breach of covenant of good faith and fair dealing, unfair trade practices, tortious interference, and seeks a declaratory judgment of certain intellectual property. Although NFI's complaint includes several additional claims, the presence of these claims does not mean that the cases are so dissimilar as to avoid the application of the first-filed rule. *See id.* Ultimately, both litigations involve each parties' purported rights under the *same* contract that is the *centerpiece* of both suits. Accordingly, the court finds that the first-filed rule is applicable. The suit before this court is STAYED to allow the court in the Northern District of Alabama to decide the appropriate forum and whether an exception to the first-filed rule is applicable.

### III. CONCLUSION

Based on the aforementioned rationale, this case is **STAYED** to allow the court in the Northern District of Alabama to decide the appropriate forum and whether an exception to the first-filed rule is applicable. Furthermore, NFI is DIRECTED to submit a status report of the Alabama proceedings no later than sixty (60) days from the filing date of this order, and every sixty (60) days thereafter, until such proceedings are concluded. The Clerk of Court is DIRECTED to remove this

5

case from the active docket.

SO ORDERED.

This the 7th day of June, 2012.

*[signature]*
JAMES C. FOX
Senior United States District Judge